IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED THOMPSON,<br>Plaintiff, | CIVIL ACTION |
| v. | |
| CITY OF PHILADELPHIA,<br>JOHN P. DELANEY, Warden,<br>CORIZON HEALTH, INC., doing business as "CORIZON,"<br>JOHN DOE MEDICAL PROVIDERS 1&2,<br>JANE DOE MEDICAL PROVIDERS 1&2,<br>Defendants. | NO. 20-3134 |

DuBOIS, J.                                                      May 26, 2021

**M E M O R A N D U M**

## I. INTRODUCTION

This action arises out of injuries sustained by plaintiff Alfred Thompson after a rat bit his right hand while he was in state custody. Plaintiff alleges that his injuries occurred because defendants City of Philadelphia and Warden John P. Delaney (collectively, the "moving defendants") deliberately chose not to address a rat infestation at the detention center at which plaintiff was confined. Plaintiff further asserts that, as a result of his injuries, his right hand became infected and required multiple surgeries.

Presently before the Court is moving defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. For the reasons set forth below, the motion is granted in part and denied in part.

## II. BACKGROUND

The facts as alleged in the Amended Complaint, accepted as true for purposes of this motion, are summarized as follows:

### A. Rat Infestation

On November 19, 2018, plaintiff was held in a detention center under the "care, custody, and control" of the City of Philadelphia. Am. Compl. ¶¶ 16, 54. Defendant John P. Delaney is a "Warden of the Philadelphia Prisons System" and was "responsible for managing the Detention Center at the time that Plaintiff was detained there." *Id*. ¶ 5. Warden Delaney and the City of Philadelphia had "long term knowledge" of a rat infestation at the detention center. *Id*. ¶ 15. The rat infestation at the detention center was "obvious and well known" at the time plaintiff was confined. *Id*. ¶ 34. Despite their "long term knowledge" of the infestation, Warden Delaney and the City of Philadelphia "deliberately chose not to take action to correct [it]." *Id*. ¶ 15.

### B. Rat Bite

On November 19, 2018, while plaintiff was sleeping in his cell at the detention center, "he was bitten on the right hand by a rat." *Id*. ¶¶ 16, 17. As a result, plaintiff claims he had "severe pain" in the hand. *Id*. ¶ 22. On November 23, 2018, plaintiff "was seen by a doctor in the Detention Center Infirmary [who] referred Plaintiff to the emergency room at Aria Torresdale Hospital." *Id*. ¶ 25. At Aria Torresdale Hospital, plaintiff was diagnosed with "abscesses, cellulitis and infection," and he underwent two surgeries on his right hand. *Id*. ¶¶ 26, 27. Plaintiff was discharged from the hospital on November 29, 2018. *Id*. ¶ 28.

### C. The Present Action

Plaintiff filed an Amended Complaint on September 4, 2020. In the Amended Complaint, plaintiff alleges that: (1) the City of Philadelphia and Warden Delaney's failure to provide safe living conditions violated "the due process prohibition of cruel and unusual punishment"; and (2) the City of Philadelphia engaged in "negligence (including willful conduct)."[1]

---

[1] Plaintiff asserts a number of additional claims against the other defendants in this action: John and Jane Doe, medical providers, and Corizon Health, Inc. Those claims are not at issue in this Memorandum.

On September 21, 2020, the City of Philadelphia and Warden Delaney filed a Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. Plaintiff filed his response on October 5, 2020. The motion is thus ripe for decision.

## III. LEGAL STANDARD

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Liou v. Le Reve Rittenhouse Spa, LLC*, No. 18-5279, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (DuBois, J.). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. DISCUSSION

The moving defendants argue that plaintiff has failed to allege that the City of Philadelphia is liable for violating his constitutional rights under 42 U.S.C. § 1983. Further, the moving defendants assert that plaintiff's claim of "negligence (including willful conduct)" is

3

barred by the Pennsylvania Political Subdivision Tort Claims Act. Finally, the moving defendants argue that plaintiff failed to allege that Warden Delaney had "personal involvement in any alleged wrongs." Mot. at 4. The Court considers each argument in turn.

At the outset, the Court notes that plaintiff does not state whether he was a pre-trial detainee or a sentenced prisoner when he suffered his injuries. "[P]re-trial state detainees are protected by the Due Process Clause of the Fourteenth Amendment, while convicted and sentenced prisoners are protected by the Eighth Amendment proscription against cruel and unusual punishments." *Shuman v. Sabol*, No. 09-2490, 2011 WL 4343780, at *7 n.2 (D.N.J. Sept. 13, 2011).

The moving defendants assert that "plaintiff's public state court summary [] indicates that [he] was on probation at the time of his confinement." Mot. at 5. As a result, they argue that "the Court should construe plaintiff as a sentenced prisoner . . . and analyze his claim under the Eighth Amendment, not the Fourteenth Amendment." *Id*. at 6. Plaintiff does not argue otherwise. Accordingly, the Court will consider plaintiff to be a sentenced prisoner for purposes of resolving defendant's motion.

### A. Section 1983 Claim Against the City of Philadelphia

As discussed *supra*, the moving defendants argue that plaintiff has failed to state a claim against the City of Philadelphia under 42 U.S.C. § 1983. Under *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978), "a municipality can only be liable under Section 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom." *Wilson v. City of Phila.*, 177 F. Supp. 3d 885, 908 (E.D. Pa. 2016) (citing *Monell*, 436 U.S. at 694). Therefore, a § 1983 claim against a municipal entity requires "(1) a constitutional violation by a municipal actor that (2) was caused by a municipal policy or custom." *Boyle v. City of Phila.*, No. 17-262, 2020 WL 4459131, at *9

(E.D. Pa. Aug. 4, 2020) (DuBois, J.) (citing *Monell*, 436 U.S. at 694). In light of plaintiff's status as a sentenced prisoner, the Court considers whether his conditions of confinement violated the Eighth Amendment of the United States Constitution.

1. Constitutional Violation

The Eighth Amendment "prohibits the infliction of cruel and unusual punishment." *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991). To state a claim under the Eighth Amendment based on conditions of confinement, a plaintiff must allege that prison officials: (1) acted with "deliberate indifference to [his] health or safety"; and (2) denied him "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In determining whether a plaintiff has been denied "the minimal civilized measure of life's necessities," courts consider the totality of the circumstances, including "medical care, sanitation, [and] control of vermin . . . ." *Tillery v. Owens,* 907 F.2d 418, 427 (3d Cir. 1990). "A prolonged pest infestation . . . may be considered a deprivation sufficient to constitute a constitutional violation." *Kates v. Bledsoe*, No. 11-391, 2013 WL 4417656, at *7 (M.D. Pa. Aug. 14, 2013); *see also, e.g., Kost v. Kozakiewicz*, 1 F.3d 176, 189 (3d Cir. 1993) (prison's "vermin infested bedding," which caused plaintiff to become "infested with head and body lice . . . for a 70-day period," may establish Eighth Amendment violation); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (prison's failure to address infestation of cockroaches and mice for sixteen months, which caused "significant physical harm" to plaintiff, may establish Eighth Amendment violation).

Plaintiff alleges in the Amended Complaint that there was a "rat infestation" at the detention center. Am. Compl. ¶ 14. According to plaintiff, the infestation was "well known" to the moving defendants, and they had "long term knowledge" about it. *Id*. ¶¶ 15, 34. As a result of the infestation, he asserts that a rat bit his right hand, causing the hand to become infected and

require multiple surgeries. Based on these allegations, plaintiff has sufficiently alleged that prison officials denied him "the minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834.

With respect to deliberate indifference, plaintiff states in the Amended Complaint that Warden Delaney was responsible for the detention center, knew about the rat infestation, and "deliberately chose not to take action to correct [it]." Am. Compl. ¶ 15. That is a sufficient allegation of the Warden's deliberate indifference to plaintiff's safety.

For the foregoing reasons, the Court concludes that plaintiff has sufficiently alleged that a constitutional violation occurred, which is the first requirement of a *Monell* claim.

### 2. Municipal Policy or Custom

The Court next determines whether plaintiff has sufficiently alleged the second requirement of a *Monell* claim—that the alleged constitutional violation was caused by a municipal policy or custom.

Policy is made when a final policymaker issues an "official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). In contrast, a custom requires a final policymaker's "knowledge of, and acquiescence to" a course of conduct that is "so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Whether an official is a final policymaker "is a question of state law." *Pembaur*, 475 U.S. at 483; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) ("[T]he identification of policymaking officials is a question of state law."). Thus, an official is a final policymaker "only if, under the operative state law, he or she has final policy-making authority." *Middleton v. Deblasis*, 844 F. Supp. 2d 556, 568 (E.D. Pa. 2011) (DuBois, J.).

Plaintiff alleges that Warden Delaney was "responsible for managing the Detention Center at the time that Plaintiff was detained there." Am. Compl. ¶ 5. Neither party cites any authority under state law on the question of whether Warden Delaney was a final policymaker for defendant. At this stage of the proceedings and absent briefing by the parties on this issue, the Court concludes that plaintiff sufficiently alleged that Warden Delaney was a final policymaker for the City of Philadelphia. *See Simonds v. Del. County*, No. 13-7565, 2015 WL 289974, at *3 (E.D. Pa. Jan. 21, 2015) ("[A]bsent briefing by the parties on this question, I will not find as a matter of law that [defendant's employee] was not a final policymaker.").

Plaintiff also sufficiently alleges that Warden Delaney "acquiesce[d] in a well-settled custom" of deliberate indifference to a rat infestation at the detention center. *Bielevicz*, 915 F.2d at 850. According to plaintiff, Warden Delaney knew about the rat infestation for a long time, and "deliberately chose not to take action to correct [it]." Am. Compl. ¶ 15.

For the foregoing reasons, the Court concludes that plaintiff has sufficiently alleged that a municipal custom caused a constitutional violation in this case. Accordingly, to the extent the moving defendants' motion seeks dismissal of plaintiff's *Monell* claim, the motion is denied.

### B. Tort Claim Against the City of Philadelphia

As discussed *supra*, the moving defendants assert that plaintiff's claim of "negligence (including willful conduct)" against the City of Philadelphia is barred by the Pennsylvania Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa. C.S. § 8541, *et. seq*. The Tort Claims Act provides that, subject to certain exceptions, "no local agency shall be liable for any damages on account of any injury . . . caused by any act of the local agency or an employee

thereof or any other person." Plaintiff responds that the "real property exception" of the Tort Claims Act applies in this case.

First, the Court determines that the real property exception bars plaintiff's claim of willful misconduct against the City of Philadelphia. Specifically, the Act provides that this exception to the general rule of governmental immunity does not apply to "conduct which constitutes . . . willful misconduct." 42 Pa. C.S. § 8541(a)(2). Second, the Court considers whether the real property exception permits plaintiff proceed with a claim of negligence against the City of Philadelphia.

Under the real property exception of the Tort Claims Act, a local agency may be liable for injuries caused by its "care, custody or control of [the] real property in [its] possession." 42 Pa. C.S. § 8542(b)(3). Courts have interpreted this exception to impose liability on local agencies for their "acts, or failure to act, which make [their] property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used." *Brewington v. City of Phila.*, 650 Pa. 139, 156 (2018) (the exception applied where a school failed to install "padded safety mats" to protect students from concrete gym walls); *see also, e.g., Bradley v. Franklin Cnty. Prison*, 674 A.2d 363, 367 (Pa. Commw. 1996) (the exception applied where a prison failed to install "non-slip" floors to protect inmates from falling in the shower); *Gump v. Chartiers-Houston Sch. Dist.*, 558 A.2d 589, 592 (Pa. Commw. 1989) (the exception applied where a school failed to install "shatterproof or reinforced" windows in a hallway used for wrestling activities).

In this case, the real property exception of the Tort Claims Act is applicable to plaintiff's claim of negligence against the City of Philadelphia. Plaintiff asserts that the detention center was under the City of Philadelphia's "care, custody, and control." Am. Compl. ¶ 54. He also claims that the City of Philadelphia "deliberately chose not to take action to correct the

infestation." *Id*. ¶ 15. Finally, plaintiff was allegedly bitten by a rat while engaging in an activity "for which [the detention center] is regularly used"—namely, sleeping in his assigned cell. *Brewington*, 650 Pa. at 156.

For the foregoing reasons, plaintiff's claim of willful misconduct against the City of Philadelphia is barred by the Tort Claims Act. The real property exception applies to plaintiff's claim of negligence against the City of Philadelphia, and therefore that claim is not barred by the Tort Claims Act.

### C. Section 1983 Claim Against Warden Delaney

The moving defendants argue that plaintiff failed to allege Warden Delaney had "personal involvement in any alleged wrongs." Mot. at 4. As a result, the moving defendants assert that plaintiff failed to state a claim under § 1983 against Warden Delaney. The Court disagrees with the moving defendants on this issue.

To state a claim against an individual defendant under § 1983, the plaintiff must allege that the defendant had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id*.

The Amended Complaint includes sufficient allegations that Warden Delaney had personal involvement in causing plaintiff's injuries. Plaintiff avers that (1) Warden Delaney was "responsible for managing the Detention Center"; (2) he had "long term knowledge" of a rat infestation at the detention center; and (3) he "deliberately chose not to take action to correct the infestation." Am. Compl. ¶¶ 5, 15. Accordingly, the Court concludes that plaintiff has stated a claim against Warden Delaney under § 1983.

V.	CONCLUSION

For the foregoing reasons, defendants City of Philadelphia and Warden John P. Delaney's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim is granted in part and denied in part. The motion is granted to the extent it seeks dismissal of plaintiff's claim of willful misconduct against the City of Philadelphia. The motion is denied in all other respects. An appropriate order follows.