IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **ALFRED THOMPSON**  *Plaintiff,*  v.  **CITY OF PHILADELPHIA et al**  *Defendants.* | **CIVIL ACTION**  NO. 20-3134 |
|---|---|

## MEMORANDUM RE: SUMMARY JUDGMENT

**Baylson, J.**                                                                                                          **December 1, 2022**

Prisoners have an Eighth Amendment right to be free from serious injuries resulting from a rodent infestation. That is settled law in the Third Circuit and the parties do not dispute it. What the parties do dispute is whether such an infestation existed or if the rodent bite which hospitalized Alfred Thompson was just a stroke of bad luck. That is a question for a jury to decide and the city's best efforts cannot change that.

The city also attempts to shield itself with arguments on sovereign immunity, administrative exhaustion provisions, and supposed <u>Monell</u> requirements. None are availing. Therefore, the city's motion will be denied.

**I) Factual Background[1]**

The story of this case is simple. On November 19, 2018, Plaintiff Alfred Thompson was incarcerated at The Detention Center in Philadelphia. Def.'s SUF ¶ 1; Pl.'s Resp. to SUF ¶ 1.

---

[1] Unless otherwise indicated, all facts, taken in the light most favorable to Plaintiff, are derived from Defendants' Statement of Undisputed Facts (ECF 33) ("Def.'s SUF"), Plaintiff's related response (ECF 34) (respectively, "Pl.'s Resp. to Def.'s SUF"), or depositions and exhibits filed of record. Plaintiff did not submit a statement of undisputed facts or counterstatement. The Court relies on undisputed facts admitted in Plaintiff's response and the exhibits submitted.

1

He was taking a nap when his right hand was bitten by a rodent. Pl.'s Resp. to SUF ¶ 2. After regular visits to the Philadelphia Department of Prisons medical department and escalating symptoms, Plaintiff was taken to Torresdale Hospital on November 23, 2018. Def.'s SUF ¶ 5; Pl.'s Resp. to SUF ¶ 5. A CT scan of the hand revealed an abscess. Resp. Ex. B at 4. As a result, Plaintiff underwent two successful surgical procedures on November 23 and November 25, 2018. Id. at 4-5. The surgeon indicated that Plaintiff had been bitten by a mouse, developed an infection, and failed antibiotic management in prison. Id. at 5.

Plaintiff was released from detention after January 8, 2019. Resp. Ex. A 11:10-16. But Mr. Thompson still experiences residual pain and functional difficulties in his right hand to this day. Resp. Ex. B at 8.

## II) PROCEDURAL POSTURE

Plaintiff filed the present action on June 26, 2020 (ECF 1). The case was assigned to Judge Dubois. The city filed a motion to dismiss for failure to state a claim on August 21, 2020 (ECF 5). Plaintiff filed an amended complaint on September 4, 2020 (ECF 6). The city filed a second motion to dismiss on September 21, 2020 (ECF 8).

On May 27, 2021, Judge DuBois granted the motion to dismiss with respect to claims of willful misconduct by the city and denied the rest.

The case was reassigned to this court on June 24, 2021 (ECF 18).

After discovery, the city filed the present motion for summary judgment on June 15, 2022 (ECF 33). Plaintiff filed a response on July 13, 2022 (ECF 34).

The city and John P. Delaney[2] seek summary judgment on both counts levelled against them in this case:[3]

- Count III: Unconstitutional Conditions of Confinement in Violation of Eighth and Fourteenth Amendment; and

- Count V: Negligence in Maintaining Prison Conditions.

### III)   LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party." Id. At summary judgment, the Court's role is "'to determine whether there is a genuine issue for trial,' it is 'not . . . to weigh the evidence and determine the truth of the matter.'" Peroza-Benitez v. Smith, 994 F.3d 157, 164 (3d Cir. 2021) (quoting Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 752 (3d Cir. 2019)). The Court should grant summary judgment only if, "constru[ing] all facts and inferences in favor of the nonmoving party," Santini v. Fuentes, 795 F.3d 410, 419 (3d Cir. 2015), "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[2]   Plaintiff notes in his response that the parties have agreed to dismiss John P. Delaney. The Court has not received a stipulation to that effect. Given Plaintiff's response, the Court will dismiss John P. Delaney from the case.
[3]   Counts I, II, and IV are federal and state claims against other Defendants, Corizon Health, Inc., John Doe Medical Providers 1 & 2, and Jane Doe Medical Providers 1 & 2. No summary judgment motion has been filed by these Defendants.

**IV)** **DISCUSSION**

Defendant argues that they should prevail on Count III because:

(1) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) before filing suit;

(2) Defendants did not identify a specific policy (or policymaker) responsible for the alleged unconstitutional harm;

(3) Undisputed evidence shows that there was no rodent infestation and adequate policies existed; and

(4) There is no evidence that the city acted with deliberate indifference.

Defendant argues that they should prevail on Count V because:

(1) Defendants are immune from suit under Pennsylvania's sovereign immunity statute and none of the exceptions are applicable.

(2) Undisputed evidence shows the there was no rodent infestation and adequate policies existed.

**A) Unconstitutional Prison Conditions**

Defendant's legal arguments here are contrary to established Third Circuit law. Further, Defendant's attempts to frame key facts as undisputed are rejected.

1) <u>Plaintiff was not required to exhaust administrative remedies</u>

Prisoners must typically exhaust administrative remedies before filing suit under the Prison Litigation Reform Act. 42 U.S.C.A § 1997e(a). However, it is well-established that this requirement does not apply to former prisoners who are no longer incarcerated. <u>Jones v. Unknown D.O.C. Bus Driver & Transportation Crew</u>, 944 F.3d 478, 482 (3d Cir. 2019). It is

4

undisputed that the complaint was filed after Plaintiff's incarceration ended. Thus, Defendant's argument fails.

    2) <u>Plaintiff was not required to identify a specific policymaker</u>

Defendant argues that "Plaintiff's <u>Monell</u> claim fails because he failed to name an appropriate policymaker and failed to adduce evidence of a policy, practice, or custom that caused his alleged injury." Mot. at 9. However, Plaintiff proceeds under an inadequacy theory. Resp. at 4. As the Third Circuit recently observed in <u>Forrest v. Parry</u>, the factual showings required under <u>Monell</u> are distinct when alleging inadequacy of policies rather than attacking an affirmative policy or custom. 930 F.3d 93, 105-06 (3d Cir. 2019). Under an inadequacy theory, it is not necessary to point to an official proclamation, policy, or edict, nor a specific policymaker possessing final authority. <u>Id.</u> Instead, Plaintiff must demonstrate deliberate indifference by policymakers. <u>Id.</u> Identifying the specific policymakers is not a requirement. <u>See</u>, e.g., <u>Parkell v. Danberg</u>, 833 F.3d 313, 338 (3d Cir. 2016) (holding that deliberate indifference can be attributed to unnamed municipal policymakers who "turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights."). Thus, this requirement, which Defendant argues has not been satisfied, does not exist.[4]

    3) <u>Genuine issues of fact remain</u>

---

[4]     Further, as this Court recently discussed in <u>Harbaugh v. Bucks County</u>, <u>Monell</u> does not demand the identification of the specific policymaker[s] with the requisite authority if the circumstances make clear that such a policymaker *must* have established or acquiesced to the policy. <u>See</u> <u>Harbaugh v. Bucks Cnty.</u>, No. CV 20-1685, 2022 WL 16722333 at *4 (E.D. Pa. Nov. 4, 2022).

Defendant argues that the undisputed record demonstrates that no rodent infestation existed.[5] Mot. at 9-10. Admittedly, the city cites facts helpful to its case. Id. But it has not established an undisputed record. Plaintiff attests directly to the existence of an infestation. See Resp. Ex. A., passim. Further, the former deputy warden, Eugene Thompson, testified that mice and roaches were "a common complaint," Resp. Ex. D, 26:8-12, and that he heard complaints of mice bites "many times." Id. 35:7-11. While Defendant would have the court rely solely on the testimony of the current deputy warden – who was not deputy warden during the relevant time period – his testimony is undermined by multiple affidavits of current prisoners which offer graphic descriptions of a facility in desperately unsanitary condition. See Resp. Ex. F. Whether a rodent infestation existed is a material dispute and the record does not resolve it. It is a jury's role to resolve this question.

Defendant similarly asserts that "there is simply no evidence of deliberate indifference." Mot. at 8. That is inaccurate. Defendant points to evidence of the existence of inspection and extermination policies as proof that the municipality was not indifferent. Id. But the existence of a policy and its efficacy are different issues. Maintaining policies known to be inadequate would not shield a municipality from liability. See Parkell, 833 F.3d at 338 (finding deliberate indifference when policymakers turned a blind eye to an obviously inadequate practice likely to result in violation of constitutional rights).

Here, the key factual question in establishing deliberate indifference is one of awareness. The municipality must have been *subjectively* aware of the infestation to be deliberately indifferent to it. Kates v. Bledsoe, No. 11-391, 2013 WL 4417656, *6 (M.D.Pa. Aug. 14, 2013)

---

[5] While the motion occasionally refers to an absence of *rat* infestations, Mot. at 9, the Court will assume that Defendant is referring to rodent infestations generally.

(citing Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir. 1992)).  But the record contains evidence that a jury could conclude demonstrates the city's subjective awareness at the time. The same warden who testified to regular mice and mice bite complaints also testified that an official sanitation report was completed by the officers and sent to the warden's office.  Resp. Ex. D, 11:19-24.  A jury could reasonably infer from the lengthy history of complaints and the official sanitation reports in the warden's office that the responsible municipal policymaker was aware of the sanitary conditions at The Detention Center.  There is sufficient circumstantial evidence to conclude that *if* there was an infestation, the city may have been aware of it.  Thus, there is a genuine dispute of material fact and summary judgment must be denied.

    B) **Negligent Prison Maintenance**

Defendant's arguments for summary judgment on Count V can be addressed more quickly because they are either duplicative or were already resolved in the Court's memorandum addressing the Rule 12 motion (ECF 12).

First, Defendant once more argues that this claim is barred by the Pennsylvania Political Subdivision Tort Claims Act.  42 Pa. C.S. § 8541.  The city candidly admits that this argument is purely to preserve the issue for appeal.  Mot. at 11.  Judge DuBois already addressed this argument when considering the motion to dismiss and concluded that the real estate exception is applicable here.  ECF 12.  The Court agrees for the same reasons.

Apart from this statutory argument, Defendant's arguments on Count V mirror its factual arguments on Count III.  The city asserts an absence of negligence by arguing that the "unrefuted record" shows that it had adequate policies in place and that there was no rodent infestation at

7

the time. Mot. at 12-13. These arguments fail for the same reasons stated above. See supra Section IV.A.3.

## V) CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be denied as to Defendant City of Philadelphia. Defendant John P. Delaney will be dismissed from the action. An appropriate order follows.